UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

| | |
|---|---|
| CHANESE PATTERSON, | CASE NO.: \_\_\_\_-cv-_____ |
| Plaintiff, | 6:14-CV-1214-ORL-40GJK |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| BRAVO FOODS, LLC and JOE ABBONDANDOLO | **(Injunctive Relief Sought)** |
| Defendants. | |

Plaintiff Chanese Patterson, by and through her undersigned attorneys, hereby sues Defendants Bravo Foods, LLC and Joe Abbondandolo, and alleges as follows:

## INTRODUCTION

1. This action involves claims of race and sex discrimination, retaliation and negligent hiring against Defendant, Bravo Foods, LLC ("Bravo Foods") and claims for battery and intentional infliction of emotional distress against Defendant Joe Abbondandolo ("Abbondandolo"), brought by Plaintiff Chanese Patterson ("Plaintiff," "Ms. Patterson" or "Plaintiff Patterson").

2. Plaintiff Patterson alleges multiple violations of her civil rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* as amended by the Civil Rights Act of 1991 ("Title VII"); and the Florida Civil Rights Act of 1992, § 760.01, *et.*

*seq.*, Florida Statutes.

3.  Bravo Foods, by and through the unlawful actions of its managerial agents, negligently hired Defendant Abbondandolo, who subjected Ms. Patterson to battery, intentional infliction of emotional distress, and a hostile work environment on account of her race and gender, and ultimately terminated her for complaining to Bravo Foods management regarding the harassment she suffered.

## JURISDICTION AND VENUE

4.  This action arises, in part, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, as amended by the Civil Rights Act of 1991 ("Title VII") and the Florida Civil Rights Act of 1992, § 760.01, *et. seq.*, Florida Statutes ("FCRA").

5.  This is an action involving a federal question thus invoking the jurisdiction of this Court under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the Florida state law claims alleged herein under 28 U.S.C.A. § 1367(a).

6.  Venue is appropriate in this Court because the actions forming the basis of this Complaint occurred in Brevard County, Florida. 42 U.S.C.A. 2000e-5(f)(3).

7.  This Court is vested with jurisdiction to order an injunction, back pay, front pay or any other equitable relief as may be proper, and compensatory and punitive damages, attorneys' fees and costs pursuant to 42 U.S.C.A. § 2000e-5(g) and § 760.11(5), Florida Statutes.

## PARTIES

8. Plaintiff Chanese Patterson is an African-American woman who, at all times material to this action, resided and resides in Cocoa, Brevard County, Florida. She is a U.S. citizen and is thus protected by Title VII and the FCRA.

9. Ms. Patterson was formerly employed by Bravo Foods at a Taco Bell location in Cocoa, Florida.

10. Defendant Bravo Foods, LLC is a foreign corporation registered to do business in Florida.

11. Defendant Bravo Foods owns and operates twenty-three Taco Bells in Florida and another seventeen in Georgia.

12. Defendant Bravo Foods is an "employer" as defined by 42 U.S.C. § 2000e(b) and § 760.02(7), Florida Statutes because it is engaged in an industry affecting commerce and it employs more than fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding year.

13. Defendant Bravo Foods maintained the right to control Ms. Patterson's employment.

## ADMINISTRATIVE PROCEDURES

14. Plaintiff Patterson filed a Charge of Discrimination against Bravo Foods, LLC with the Tampa Field Office of the United States Equal Employment Opportunity Commission ("EEOC") in September 2013.

15. Plaintiff Patterson received a "Notice of Right To Sue" concerning the charges by

letter from the EEOC Miami District Office on April 30, 2014, entitling her to institute a civil action within 90 days of the date of receipt of the notice. This action was commenced within the applicable time.

16.     Plaintiff Patterson has exhausted her administrative remedies with regard to the claims set forth below.

## ALLEGATIONS COMMON TO ALL CLAIMS

17.     In early June 2013, Ms. Patterson applied for a position at a Taco Bell franchise owned by Defendant Bravo Foods.

18.     Joe Abbondandolo served as the restaurant general manager of the Taco Bell location where Ms. Patterson applied.

19.     As Ms. Patterson filled out her application form, Defendant Abbondandolo, a white male, told her he was married to a black woman.

20.     After checking Ms. Patterson's identification, Abbondandolo offered Ms. Patterson a job on the spot.

21.     Upon hearing that she had the job, Ms. Patterson put her hand out to shake Defendant Abbondandolo's hand, and he hugged her instead.

22.     Ms. Patterson returned to Taco Bell on Tuesday, June 4, for orientation.

23.     When she arrived, Defendant Abbondandolo came from behind the counter and hugged her. He asked her what kind of perfume she was wearing, and said it smelled nice.

24.     Defendant Abbondandolo proceeded to hug Patterson on nearly every day that she

worked at Taco Bell.

25. After Ms. Patterson started work, she was never provided with a complete uniform. Instead, she was provided with a used shirt and hat.

26. As a result, Ms. Patterson had to wear her personal pants to work, which had a label on the outside, on the back of her pants, near the belt loops.

27. Plaintiff Patterson also did not receive the training she needed to do her job. During her first two weeks, she burned herself on the griller twice because she had not received training on how to use it.

28. On June 21, Defendant Abbondandolo called her into his office and told her he had to cut the label off of the back of her pants, as it was not an official work uniform. She went into his office and turned her back to Defendant Abbondandolo so he could cut off the label.

29. After Defendant Abbondandolo cut the label from Ms. Patterson's pants, he then grabbed her buttocks with both hands.

30. Ms. Patterson immediately turned around to face him and told him never to do that again.

31. Ms. Patterson was so distraught by what happened, that she asked Defendant Abbondandolo if she could take the rest of the day off. Defendant Abbondandolo refused her request.

32. Ms. Patterson reported to work the next day to take an employee training test.

33. When she arrived, Defendant Abbondandolo told her to wait. She waited for forty minutes, and then she asked Defendant Abbondandolo if he needed her to help with

anything. He responded by telling her to get the hell out of the store.

34. After leaving Taco Bell, Ms. Patterson called Defendant Abbondandolo's supervisor, Area Coach Larry Kogod, and reported that Defendant Abbondandolo had grabbed her butt the previous day.

35. Kogod returned her call, assured her she still had a job and stated that Defendant Abbondandolo was "having a bad time."

36. Ms. Patterson requested transfer to the Merritt Island store, but Kogod refused.

37. Ms. Patterson was on the schedule for June 23 and 24th, but Defendant Abbondandolo told her not to come in. Instead, he told her to report to work on June 30 to take the training test.

38. Patterson called Mr. Kogod to report that Abbondandolo took her off the schedule but received no response.

39. Ms. Patterson reported to work on June 30th, but was informed by an employee that she was not on the schedule, was not permitted to come in, and that she should turn in her uniform so she could receive her last paycheck.

40. Ms. Patterson called Kogod immediately, but received no answer.

41. Ms. Patterson was never returned to the schedule at Taco Bell.

### FIRST CAUSE OF ACTION
### VIOLATION OF TITLE VII – HOSTILE WORK ENVIRONMENT
### (Defendant Bravo Foods, LLC)

42. Plaintiff realleges paragraphs 1-41, above, as if fully set forth herein.

43. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act.

44. Plaintiff was subjected to unwelcome harassment in the form of sexual touching, conduct and comments by Defendant Abbondandolo in the course of her employment with Defendant.

45. Defendant Abbondandolo's harassment of Ms. Patterson was based on race and gender.

46. Defendant Abbondandolo's actions were sufficiently severe or pervasive to affect the terms, conditions, or privileges of Plaintiffs' employment.

47. Defendant Abbondandolo's actions were both subjectively and objectively offensive.

48. Upon learning of Defendant Abbondandolo's sexual and racial harassment, Defendant failed to take prompt remedial action.

49. At all times relevant to this action, Defendant Abbondandolo was a supervisory and/or management employee with actual or apparent authority over hiring, firing, discipline, advancement and other terms and conditions of Plaintiffs' employment.

50. Defendant is liable to Plaintiff for hostile work environment pursuant to Title VII of the Civil Rights Act.

51. As a direct and proximate result of Defendant's actions, Plaintiff has suffered compensatory and other damages including ongoing, severe emotional distress, attorney fees and costs of this suit.

52. Defendant's conduct, as described above, was done maliciously or with conscious disregard of the rights of Plaintiff and/or by managerial agents of Defendant acting in the scope of their employment, and Defendant as principal, knowingly authorized,

participated in, or ratified those actions, for which Defendant is liable for punitive damages.

### SECOND CAUSE OF ACTION
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT – HOSTILE WORK ENVIRONMENT
### (Defendant Bravo Foods, LLC)

53. Plaintiff incorporates and realleges paragraphs 1 through 52 as if fully set forth herein.

54. The harassment Plaintiff Patterson suffered is based on her race and gender, which are protected classes under Section 760.10, Florida Statutes.

55. Defendant is liable to Plaintiff for hostile work environment pursuant to Sections 760.10(1) and 760.11, Florida Statutes, of the Florida Civil Right Act of 1992.

56. As a direct and proximate result of Defendant's actions, Plaintiff has suffered compensatory and other damages including ongoing, severe emotional distress, attorney fees and costs of this suit.

57. Defendant's conduct, as described above, was done maliciously or with conscious disregard of the rights of Plaintiff and/or by managerial agents of Defendant acting in the scope of their employment, and Defendant as principal, knowingly authorized, participated in, or ratified those actions, for which Defendant is liable for punitive damages.

### THIRD CAUSE OF ACTION
### VIOLATION OF TITLE VII – RETALIATION
### (Defendant Bravo Foods, LLC)

58. Plaintiff incorporates and realleges paragraphs 1 through 41 as if fully set forth

herein.

59. Plaintiff's complaints of sexual harassment were protected activity.

60. Defendant, through the acts of its employees and/or agents, retaliated against Ms. Patterson for her protected activity by removing her from the work schedule immediately after her complaint to Kogod, refusing to return her to the work schedule, and demanding the return of her uniform, all resulting in her constructive discharge.

61. Defendant is liable to Plaintiff for retaliation pursuant to Title VII of the Civil Rights Act.

62. As a direct and proximate result of Defendant's actions, Plaintiff has suffered compensatory and other damages including ongoing, severe emotional distress, attorney fees and costs of this suit.

63. Defendant's conduct, as described above, was done maliciously or with conscious disregard of the rights of Plaintiff and/or by managerial agents of Defendant acting in the scope of their employment, and Defendant as principal, knowingly authorized, participated in, or ratified those actions, for which Defendant is liable for punitive damages.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT - RETALIATION**
**(Defendant Bravo Foods, LLC)**

64. Plaintiff incorporates and realleges paragraphs 1 through 41 and 58 through 63 as if fully set forth herein.

65. Defendant is liable to Plaintiff for retaliation pursuant to Sections 760.10(7) and

COMPLAINT – PAGE 9

herein.

59. Plaintiff's complaints of sexual harassment were protected activity.

60. Defendant, through the acts of its employees and/or agents, retaliated against Ms. Patterson for her protected activity by removing her from the work schedule immediately after her complaint to Kogod, refusing to return her to the work schedule, and demanding the return of her uniform, all resulting in her constructive discharge.

61. Defendant is liable to Plaintiff for retaliation pursuant to Title VII of the Civil Rights Act.

62. As a direct and proximate result of Defendant's actions, Plaintiff has suffered compensatory and other damages including ongoing, severe emotional distress, attorney fees and costs of this suit.

63. Defendant's conduct, as described above, was done maliciously or with conscious disregard of the rights of Plaintiff and/or by managerial agents of Defendant acting in the scope of their employment, and Defendant as principal, knowingly authorized, participated in, or ratified those actions, for which Defendant is liable for punitive damages.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT - RETALIATION**
**(Defendant Bravo Foods, LLC)**

64. Plaintiff incorporates and realleges paragraphs 1 through 41 and 58 through 63 as if fully set forth herein.

65. Defendant is liable to Plaintiff for retaliation pursuant to Sections 760.10(7) and

760.11, Florida Statutes, of the Florida Civil Right Act of 1992.

66. As a direct and proximate result of Defendant's actions, Plaintiff has suffered compensatory and other damages including ongoing, severe emotional distress, attorney fees and costs of this suit.

67. Defendant's conduct, as described above, was done maliciously or with conscious disregard of the rights of Plaintiff and/or by managerial agents of Defendant acting in the scope of their employment, and Defendant as principal, knowingly authorized, participated in, or ratified those actions, for which Defendant is liable for punitive damages.

### FIFTH CAUSE OF ACTION – BATTERY
(Defendant Abbondandolo)

68. Plaintiff incorporates and realleges paragraphs 1 through 41 as if fully set forth herein.

69. Defendant Abbondandolo intentionally grabbed Plaintiff Patterson's buttocks.

70. Defendant Abbondandolo's contact with Ms. Patterson was without her consent and was patently offensive.

71. Defendant Abbondandolo's conduct was willful and intentional, for which he is liable for punitive damages.

### SIXTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Defendant Abbondandolo)

72. Plaintiff incorporates and realleges paragraphs 1 through 41 as if fully set forth

herein.

73. Through his actions towards Plaintiff, as described above, Abbondandolo intended to cause emotional distress or knew or should have known that his actions and conduct would result in serious emotional distress to Plaintiff.

74. Defendant Abbondandolo's actions and conduct towards Plaintiff was extreme and outrageous.

75. As a direct and proximate result of Defendant's actions, Plaintiff has suffered severe emotional distress.

76. Defendant Abbondandolo's conduct was willful and intentional, for which he is liable for punitive damages.

### SEVENTH CAUSE OF ACTION – NEGLIGENT HIRING
### (Defendant Bravo Foods, LLC)

77. Plaintiff incorporates and realleges paragraphs 1 through 41 as if fully set forth herein.

78. On information and belief, Abbondandolo had a prior conviction for battery before Bravo Foods hired him as a restaurant general manager.

79. Defendant Bravo Foods knew or should have known that Abbondandolo had a prior battery conviction.

80. Defendant owed a duty to its employees to exercise reasonable care in the hiring of individuals for supervisory positions.

81. Plaintiff Patterson was within the class of individuals to whom the Defendant owed a duty of care.

82. Defendants breached their duty of care by failing investigate Abbondandolo's background or were otherwise negligent in hiring Abbondandolo with knowledge of his background.

83. As a direct and proximate result of Defendant's actions, Plaintiff has suffered compensatory and other damages including ongoing severe emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter an order:

(a) Enjoining Defendant Bravo Foods from discriminating in the future on the basis of an employee's race or gender;

(b) Awarding Plaintiff back pay;

(c) Awarding compensatory damages for the emotional pain, suffering and humiliation caused by Defendant's acts against Plaintiff;

(d) Awarding punitive damages for Defendants' actions taken with malice and/or with reckless disregard for Plaintiff's federally protected rights, and her rights under state law:

(e) Awarding plaintiff her reasonable attorney fees and costs of this action; and

(f) Awarding such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in this action.

Respectfully submitted this ____ day of July, 2014,

_/s/ W. Curphey_

_____
(Trial Counsel)
William E Curphey, FBN 386741
Curphey & Badger, PA
28100 US 19 North, Suite 300
Clearwater, FL 33761
Tel: 866-842-1129
Fax: 727-683-9675
wcurphey@curpheylaw.com